UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ferrari Financial Services, Inc.,<br><br>                    Plaintiff,<br><br>vs.<br><br>Gueorgui Gantchev,<br><br>                    Defendant. | Case No. 2:25-cv-01720-CDS-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SERVICE BY PUBLICATION AND AUTHORIZING ALTERNATIVE SERVICE (ECF NO. 13) AND GRANTING MOTION TO EXTEND TIME TO SERVE (ECF NO. 14)** |

Plaintiff filed a *Motion for Service by Publication and Authorizing Alternative Service* ("Alternative Service Motion") (ECF No. 13) and *Motion to Extend Time to Effect Service* ("Extend Motion") (ECF No. 14) (collectively "Motions"). By its Alternative Service Motion, plaintiff requests to serve Gantchev by email or, in the alternative, by publication. The Court **GRANTS in part** the Alternative Service Motion regarding service by email and **DENIES** plaintiff's alternative request for service by publication. The Court also **GRANTS** plaintiff's Extend Motion. The Court's reasoning is as follows:

**I.     BACKGROUND**

This is a case arising out of defendant Gueorgui Gantchev's ("Gantchev") alleged failure to make required contractual payments. *ECF No. 1*. Plaintiff filed the Motions following various attempts to personally serve Gantchev. *See ECF Nos. 13*, *14*.

**II.    DISCUSSION**

**A.     General Legal Principles**

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by

1  Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United
2  States may be served by "following state law for serving a summons in an action brought in courts of
3  general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ.
4  P. 4(e)(1).
5     Nevada Rules of Civil Procedure (Nevada Rule) 4.4 governs methods of alternative service. It
6  provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

The Ninth Circuit and the Nevada Rules permit service to be completed through email and certified mail. *See* Nev. R. Civ. P. 4.4(d) ("In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail …email… or any other method of communication.").

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service

under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

### B. Plaintiff Has Shown That Service By Email Comports With Due Process

Plaintiff moves to serve Gantchev by email addresses lvcars2445@gmail.com and gueorgig@gmail.com. *ECF No. 13*.

Plaintiff's counsel states in a Supporting Declaration ("Declaration") that plaintiff has attempted personal service to Gantchev's last known work and home locations several times in relation to this action and another action involving Gantchev. *See ECF No. 13-1*; *ECF No. 13* at 9. Plaintiff also conducted skip traces and a public records search in an attempt to locate and serve Gantchev. *ECF No. 13-1*. As plaintiff cannot personally serve Gantchev despite these efforts and there is no applicable statute prescribing a specific method of service, the Court finds that service under Nevada Rules 4.2, 4.3, and 4.4(a) is impracticable here. *See ECF No. 13-1*; *see also PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2021 WL 5988539, at *2 (D. Nev. Dec. 16, 2021) (finding that service under Nevada Rules 4.1, 4.3, and 4.4(a) is impracticable when plaintiff attempted multiple times to serve defendant at defendant's last known address and attempted to communicate with defendant via email but did not definitively know where defendant currently resided and no applicable statute prescribing a method of service exists). The Court additionally finds that plaintiff illustrated due diligence in attempting to locate Gantchev based on these efforts above. *See* Nev. R. Civ. Pro. 4.4(b)(2)(A).

The Declaration also provides Gantchev's last known contact information. *ECF No. 13-1*. The Court therefore finds that plaintiff provides sufficient evidence of defendant's known, or last known, contact information.

|   |   |
|---|---|
| 1 | Plaintiff shows that service by email to lvcars2445@gmail.com and gueorgig@gmail.com |
| 2 | comports with due process. An alternative method of service comports with due process so long as it |
| 3 | is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of |
| 4 | the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank &* |
| 5 | *Trust Co.*, 339 U.S. 306, 314 (1950). The Court has considerable discretion when determining whether |
| 6 | alternative service should be permitted. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 |
| 7 | (9th Cir. 2002). In the Declaration, plaintiff's counsel represents that they have been part of |
| 8 | communications with Gantchev using these email addresses since June 2025 in relation to the events of |
| 9 | this and another pending action. *ECF No 13-1* at 2-3, 6; *see also ECF Nos. 13-1*, *Ex. 1*, *9*, *10*. Gantchev |
| 10 | responded using the lvcars2445@gmail.com address several times on June 30, 2025. *ECF No. 13-1* at 2, |
| 11 | *see also ECF No. 13-1*, *Ex. 1*. Furthermore, plaintiff's counsel never received a "kick back notification |
| 12 | or other proof of non-delivery" when sending emails to either these addresses. *ECF No. 13-1* at 7. |
| 13 | Plaintiff's counsel made this Declaration under penalty of perjury. *See id.* at 8. Plaintiff has thus |
| 14 | sufficiently shown that Gantchev uses these email addresses to receive information. Given this and the |
| 15 | substantial time and resources that plaintiff has put into trying to locate and serve Gantchev, the Court |
| 16 | finds that service by email to lvcars2445@gmail.com and gueorgig@gmail.com is reasonably calculated |
| 17 | to give Gantchev notice and an opportunity to respond. *See Mullane*, 339 U.S. at 314; *see also Starken v.* |
| 18 | *Amazon.com, Inc.*, No. 2:25-cv-0045-RFB-EJY, 2025 WL 1640794, *1-2 (D. Nev. May 5, 2025) |
| 19 | (allowing plaintiff to serve defendant the complaint and summons by email if plaintiff could find "any |
| 20 | email address that is reasonably associated with" defendant because plaintiff had already made |
| 21 | reasonable efforts to serve defendant prior). |
| 22 | Because the Court is granting plaintiff's request for service by email, it denies as moot plaintiff's |
| 23 | alternative request for service by publication. *See ECF No. 13* at 2; *see also ECF No. 13-1* at 8 (noting |
| 24 | that plaintiff requests for service by publication "if this Court finds that email service is not proper at |
| 25 |   |

this time"). Plaintiff may refile a motion requesting for alternative service by publication if Gantchev cannot be served by email.

### C.  Plaintiff Has Shown Good Cause For An Extension Of Time

Plaintiff argues for a 60-day extension from the time the Extend Motion was filed to serve Gantchev, "through and including February 9, 2026." *ECF No. 14* at 1-2, 14. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that plaintiff has shown good cause for an extension of time. As stated above, plaintiff made several attempts to locate and serve Gantchev. With good cause appearing, the Court grants plaintiff's request for an extension of time to serve Gantchev and will have until February 9, 2026 to file proof of service.

### III. CONCLUSION

Plaintiff provides sufficient grounds for the Court to grant the Alternative Service Motion. Plaintiff may attempt to serve Gantchev by email to addresses lvcars2445@gmail.com and gueorgig@gmail.com. The Court also grants the Extend Motion.

//
//
//
//
//
//
//
//
//

ACCORDINGLY,

IT IS ORDERED that:

1. Plaintiff's *Motion for Service by Publication and Authorizing Alternative Service* (ECF No. 13) is **GRANTED in part and DENIED in part**. Plaintiff may attempt to serve Gantchev by email to addresses lvcars2445@gmail.com and gueorgig@gmail.com. Plaintiff's alternative request to serve Gantchev by publication is denied as moot. Plaintiff may refile a motion requesting for alternative service by publication if it cannot serve Gantchev by email.

2. Plaintiff's *Motion to Extend Time to Effect Service* (ECF No. 14) is **GRANTED**. Plaintiff must file proof of service by **February 9, 2026**.

DATED: January 8, 2026

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file

written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.