UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ferrari Financial Services, Inc.,

Plaintiff

v.

Gueorgui Gantchev,

Defendant

Case No. 2:25-cv-01720-CDS-MDC

**Order Granting in Part the Plaintiff's Motion for Default Judgment**

[ECF No. 28]

On January 28, 2026, the court held a hearing on the plaintiff's motion for writ of possession and motion for temporary restraining order. Mins., ECF No. 22. The court entered an order granting the plaintiff's motion for writ of possession and denied as moot the plaintiff's motion for temporary restraining order. Order, ECF No. 23. Ferrari Financial Services, Inc. (FFS) now moves for default judgment. Mot. for default j., ECF No. 28.[1] For the reasons set forth herein, I grant in part FFS's motion for default judgment.

## I. Discussion

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

[1] The time to file response was July 8, 2026. *See* ECF No. 28. Gantchev did not respond to Ferrari's motion. So this motion is fully briefed.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010).

Here, the plaintiff has satisfied both steps under Rule 55. First, the plaintiff moved for entry of default against Gantchev on February 18, 2026. ECF No. 24. That same day, the Clerk of the Court entered default. ECF No. 25. Second, the plaintiff filed a motion for default judgment against Gantchev. ECF No. 28. Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The allegations in the complaint are as follows.

As alleged, around April 5, 2023, Gantchev and Ferrari Maserati of Las Vegas entered into a certain Simple Interest Vehicle Contract for Sale and Security Agreement relating to the sale of a 2021 Ferrari F8 Spider. ECF No. 1 at 2, ¶ 6. Ferrari Maserati of Las Vegas assigned the contract to FFS. *Id.* at ¶ 7.

As alleged in the complaint, beginning on May 20, 2023, Gantchev agreed to make 72 total monthly installment payments to FFS in the amount of $7,407.63. *Id.* at ¶ 8. The contract terms provided that if Gantchev failed to make payments thirty days after the due date, then he would be in default. *Id.* at ¶ 9. Pursuant to the terms of the agreement, Gantchev agreed to pay FSS's repossession and storage expenses, and FFS's reasonable attorney's fees and costs of collection. *Id.* at ¶¶ 10–11.

Gantchev last made a payment toward the contract around April 21, 2025, and was therefore in default. *Id.* at ¶ 12. On August 20, 2025, FFS's counsel sent a demand letter to Gantchev. *Id.* at ¶ 13. The demand letter informed Gantchev that he was in default and that he should pay the full payoff amount, which was an amount in excess of $319,861.96, no later August 27, 2025. *Id.* at 2, ¶ 13. Gantchev has failed to make a payment. *Id.* at ¶ 23. As further

alleged in the complaint, the current amount due and owing under the contract as of September 9, 2025, is $321,613.03. *Id.* at ¶ 26.

FFS asserts that Gantchev breached the contract and failed to make payments. Based on those allegations, the plaintiff asserts the following claims: (1) writ of possession, (2) breach of contract, and (3) conversion. *See generally id.* As part of its prayer for relief, FFS seeks pre and post judgment interest and treble damages in accordance with Nevada Revised Statute § 41.560. FFS now seeks default judgment against the defendant, arguing that the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weigh heavily in favor of granting default judgment.

**A. Factor one: prejudice to FFS**

FFS asserts that it entered into a contract with Gantchev, and that Gantchev failed to make payments for the amount due. ECF No. 1 at 4, ¶ 39; ECF No. 28 at 1. FFS argues that, without default, it would be prejudiced. ECF No. 28 at 6. I agree. FFS served Gantchev, ECF No. 21, and even after seeking a writ of possession and the court granting that writ, ECF No. 23, Gantchev has failed to appear and defend this action to resolve this dispute. FFS will be prejudiced if default judgment is not entered in its favor because it has no other recourse. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Thus, this factor weighs in FFS's favor.

**B. Factors two and three: the merits of the claims and sufficiency of the complaint**

The second and third *Eitel* factors look at (1) the merits of the plaintiff's substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that the plaintiff "state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. I find that the complaint satisfies this requirement. It establishes Gantchev's violation of the terms of the contract—that is, failing to make the payments pursuant to the terms of the contract, and by

not surrendering the vehicle when he defaulted. ECF No. 1; Pl.'s Ex. A, ECF No. 1-1. So, both factors two and three also weigh in favor of granting default judgment.

**C. Factor four: the amount of money at stake**

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters. Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)); *see also PepsiCo*, 238 F. Supp. 2d at 1176. Here, FFS seeks two different amounts in damages. That is, it seeks $321,613.03 in actual damages. ECF No. 28 at 2. And it also requests FFS's treble damages award (which is three times its compensatory damages award). So it requests $964,839.09 in treble damages. *Id.*

While the defaulted defendant has failed to defend against this action, I do not find that FFS is not entitled to the full amount requested. First, FFS is entitled to the unpaid principal balance on the contract, which is $321,613.03. ECF No. 28 at 8; ECF No. 1 at 4. However, I decline to award the treble damages sought because FFS fails to cite any authority that would permit treble damages in a breach of contract action especially when Nevada law makes clear that compensatory damages are designed to make an aggrieved party whole. *See Hornwood v. Smith's Food King No. 1*, 807 P.2d 208, 211 (Nev. 1991) (explaining that it is well established that in contracts cases that compensatory damages "are awarded to make the aggrieved party whole and . . . should place the plaintiff in the position he would have been in had the contract not been breached."). Consequently, I subtract the above amount and find that judgment in the amount of $321,613.03 is warranted. ECF No. 28 at 8–9.[2] *See Pritikin Icr LLC v. Apricus Health Mso LLC*, 2024 U.S. Dist. LEXIS 35359, at *10 (D. Ariz. Feb. 28, 2024) (finding that alleged damages of

---

[2] *See Goorin Bros., Inc v. GoldStarHat LLC*, 2025 U.S. Dist. LEXIS 166108, at *10 (N.D. Cal. Aug. 26, 2025) (finding that the fourth factor weighed in favor of default judgment when the court awarded relief less than the amount sought and tailored the sum of money to the defendant's misconduct).

$500,000.00 was proportional to the harm when it was indicative of the amount defendant owed plaintiff but never paid).

**D. Factor five: the possibility of a dispute concerning material facts**

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. As noted above, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Here, FFS sufficiently pled its claims, so there is no factual dispute that would preclude entry of judgment. Thus, the fifth factor weighs in favor of granting FFS's motion.

**E. Factor six: the possibility of excusable neglect**

"The sixth *Eitel* factor considers whether the defendant's default may have been the product of excusable neglect." *Landstar Ranger*, 725 F. Supp. 2d at 920 (citing *Pepsico*, 238 F. Supp 2d at 1177). This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* Gantchev was served. *See* ECF No. 21. But, as noted, Gantchev has failed to defend against this action. Thus, there is no evidence before me suggesting that the defendant's failure to respond is due to excusable neglect. Accordingly, this factor also weighs in favor of granting FFS's motion. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

**F. Factor seven: the policy of resolving cases on the merits**

The seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although "[c]ases should be decided upon their merits whenever reasonably possible," *id.*, "Rule 55(a) allows a court to decide a case before the merits are heard if [a] defendant fails to appear and defend," *Landstar Ranger*, 725 F. Supp. 2d at 922. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one.

While a decision on the merits is desirable, default judgment is appropriate when defendants fail to appear and respond. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). So this factor also weighs in favor of entering default judgment.

Almost all *Eitel* factors weigh in favor of the entry of default judgment against Gantchev. Accordingly, FFS's motion for default judgment is granted in the amount of $321,613.03 against Gantchev.

## II. Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for default judgment is **[ECF No. 28] is GRANTED in part,** as set forth in this order.

The clerk of court is kindly directed to (1) enter judgment against Gueorgui Gantchev in the amount of $321,613.03 and (2) close this case.

Dated: August 4, 2026

Cristina D. Silva
United States District Judge